IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROLAND ONAWOLA,                    :
    Plaintiff                              :
                                             :
v.                                 :          Civil Action No.  AMD 07-870
                                             :
JOHNS HOPKINS                      :
UNIVERSITY, et al.,                :
    Defendants                             :
                       ..o0o..

MEMORANDUM OPINION

In case no. AMD 05-1924, the present plaintiff, Dr. Roland Onawola, acting pro se, brought an action on July 14, 2005, against The Johns Hopkins University and various individuals associated with the University, including faculty members and trustees, alleging claims for (1) breach of contract under Maryland law; (2) race discrimination under 42 U.S.C. §1981; and (3) retaliation under 42 U.S.C. §1981, arising out of his unsuccessful quest for the degree of Doctor of Science. In a Memorandum Opinion and Order filed on February 6, 2006, the court granted defendants' motion to dismiss all claims. *See* 412 F.Supp. 2d 529 (D.Md. 2006). Upon Dr. Onawola's appeal, the Fourth Circuit affirmed in an unreported *per curiam* opinion. *See* 211, 2007 WL 749653 (4th Cir. March 13, 2007).

A mere 22 days after the Fourth Circuit affirmed the dismissal of the prior suit, Dr. Onawola, again proceeding pro se, filed the instant action. Here, with only a few minor variations in his allegations and in the identity of the named defendants, plaintiff has purported to seek the identical relief he sought in the prior action. Defendants have moved to dismiss this action on the ground of claim preclusion. Dr. Onawola has filed an opposition

memorandum. No hearing is necessary.

It is perfectly clear, even on the face of plaintiff's instant complaint when judged against the pleadings and motion papers plaintiff filed in the prior action (of which the court takes official notice), plaintiff's claims are barred. *See, e.g., In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)(claim preclusion bars a subsequent action when "1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding."). A plaintiff's invocation of a different legal theory in the subsequent action is unavailing. *See Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir.1986), *cert. denied*, 480 U.S. 932 (1987).

To be sure, plaintiff alleges that in the instant action, he seeks redress because, at some unspecified time after the filing of the first action, the university dismissed him from the doctoral program in which he was enrolled, and therefore he could not have sued for such harm at that time. Aside from the fact that the court cannot find any such allegation in the prolix complaint plaintiff filed in this case, the prior opinion of this court makes it clear that the law underlying plaintiff's "contract" with the university reserves to the university the right to dismiss him from the academic program. Plaintiff's conclusory allegation, in his opposition memorandum, that he has "acquired new rights" since he filed his first action lacks merit.

For the foregoing reasons, the motion to dismiss shall be granted with prejudice. An

order follows.

Filed: September 24, 2007    \_\_\_\_/s/_____
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE